NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FELIX GARCIA and LUZ GARCIA,<br><br>  Plaintiffs,<br><br>v.<br><br>JERRY SPEZIALE, individually and in his official capacity as Passaic County Sheriff, and COUNTY OF PASSAIC,<br><br>  Defendants. | Civil Action No.: 10-cv-2637<br><br>**OPINION** |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court upon a Motion for Summary Judgment by Defendant Jerry Speziale pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] Defendant County of Passaic submitted a letter request to join in the summary judgment motion in lieu of a formal brief, pursuant to Local Civ. R. 7.1(d)(4).[2] The Motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[3] For the reasons set forth below, Defendant's Motion for Summary Judgment is granted.

---

[1] ECF No. 76.
[2] ECF No. 77.
[3] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

## II. BACKGROUND

Plaintiffs Felix Garcia and Luz Garcia, husband and wife, filed this action on May 21, 2010 against Defendants Jerry Speziale and the County of Passaic ("Defendants"). At all relevant times, Defendant Speziale served as the Passaic County Sheriff. Plaintiff Felix Garcia ("Mr. Garcia") was an employee of the Passaic County Sheriff's Office from approximately 1972 to 2003. Compl. ¶ 12; Def. Stat. of Mat. Facts ("DSF")[4] ¶ 1; Pl. Resp. to DSF ("PSF")[5] ¶ 1. On February 13, 2004, after leaving his job with the Sheriff's Office, Mr. Garcia filed a lawsuit (the "2004 Lawsuit") against the County of Passaic and Defendant Speziale, alleging discrimination and retaliation based on his race and his political activism. DSF ¶ 4; PSF ¶ 4. In 2007, the parties reported to the Court that they had reached a settlement in the 2004 Lawsuit. DSF ¶ 5; PSF ¶ 5. On June 27, 2007, the Court dismissed the 2004 Lawsuit pursuant to the settlement, which was ultimately approved by the Passaic County Freeholders in December 2007. DSF ¶ 5; PSF ¶ 5.

On December 5, 2007 Defendant Speziale notified "All Personnel" at the Sheriff's Department that the County of Passaic was experiencing a "debilitating budget crisis." Speziale Decl., Ex. 1. From December 2007 to May 2008, Defendant Speziale, the Passaic County Sheriff's Department, and the New Jersey State Department of Personnel discussed several versions of a layoff plan needed to balance the County's budget. Speziale Decl., Ex. 1-9. On May 14, 2008, Defendant Speziale sent a notice to the Department of Personnel outlining changes to the previous layoff plan. Speziale Decl., Ex. 7. The notice increased the amount of layoffs, and added "Micro Film Clerk" to the list of positions that would be eliminated. Id. On May 20, 2008, the Department

---

[4] ECF No. 76-1.
[5] ECF No. 83.

2

of Personnel approved the updated layoff plan, which contemplated eliminating fifty five (55) employees. Speziale Decl., Ex. 8.

Plaintiff Luz Garcia ("Mrs. Garcia") was the Micro Film Clerk at the Passaic County Sheriff's Department, where she had worked since March 1995. DSF ¶ 5; PSF ¶ 5. On May 23, 2008, Defendant Speziale notified Mrs. Garcia that her position would be subject to layoff or demotion. Ex. D-9 to DeDio Decl. On June 20, 2008, the New Jersey Department of Personnel notified Mrs. Garcia that she was being laid off effective July 7, 2008. DeDio Decl., Ex. E.

In the present suit, Mr. Garcia alleges that following the settlement of the 2004 Lawsuit in 2007, Defendant Speziale began retaliating against him. DSF ¶ 7; PSF ¶ 7. Mr. Garcia contends that Defendant Speziale retaliated against him by (i) disparaging his professional reputation, (ii) violating his right to privacy by videotaping his political activities, and (iii) denying his application for a Retired Law Enforcement Officer Permit to Carry a Handgun. Pls. Br. Opp'n[6] at 23. He also contends that his wife was wrongfully terminated in retaliation for his successful settlement of the 2004 Lawsuit. Compl. ¶ 20. In addition, Mrs. Garcia raises her own individual claims of discrimination, alleging that she was wrongfully terminated in retaliation for her husband's 2004 Lawsuit. Compl. ¶¶ 43-47.

### III. PROCEDURAL HISTORY

Plaintiffs Mr. and Mrs. Garcia filed the Complaint on May 21, 2010, naming as Defendants Jerry Speziale, in his individual and official capacity, and the County of Passaic. See generally Compl. On January 31, 2013, Defendant Speziale filed a Motion for Summary Judgment[7] that

---

[6] ECF No. 83.
[7] ECF No. 53.

3

was granted in part and denied in part by Judge Cavanaugh's Opinion dated September 27, 2013 ("Opinion, Cavanaugh, J.").[8] Judge Cavanaugh's Opinion granted summary judgment for Defendants on Count IV ("Violation of Public Policy") and Count VI (Mr. Garcia's claim for "Retaliation in Violation of the NJLAD") of the Complaint. Opinion, Cavanaugh, J. at 6-7. Accordingly, four claims remained following Judge Cavanaugh's Opinion: (1) Count One – Mr. Garcia's Section 1983 claim against Defendant Speziale; (2) Count Two – Mr. Garcia's Section 1983 claim against Defendant County of Passaic; (3) Count Three – claim for violations of both Plaintiffs' rights under Article 1, Sections 6 & 18 of the New Jersey State Constitution; and (4) Count Five – unlawful retaliation against Mrs. Garcia under the New Jersey Law Against Discrimination ("NJLAD"). Compl. ¶¶ 27-47.

On October 24, 2013, Defendant Speziale's attorney withdrew and was substituted by a new attorney. See Substitution of Attorney.[9] Defendant Speziale subsequently requested permission to file another motion for Summary Judgment, and the Court granted leave to file a motion on July 22, 2014. Text Order, July 22, 2014.[10] Pursuant to the Court's leave, Defendant Speziale filed the present Motion for Summary Judgment on September 22, 2014.

## IV.  **LEGAL STANDARD**

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled

---

[8] ECF No. 56.
[9] ECF No. 61.
[10] ECF No. 75.

4

to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986); Fed. R. Civ. P. 56(c).

The moving party has the initial burden of proving the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, a genuine issue of material fact exists for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In order to meet its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) (stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint… with conclusory allegations of an affidavit."); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (stating that "[t]o raise a genuine issue of material fact," the opponent must "exceed the 'mere scintilla' threshold…").

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id.

## V.   **DISCUSSION**

Plaintiffs assert Federal and State claims against Defendants, therefore the Court exercises jurisdiction over Plaintiffs' Federal claims pursuant to 28 U.S.C. § 1331 and over Plaintiffs' State claims pursuant to 28 U.S.C. § 1367. Defendants seek dismissal of the Complaint in its entirety,

5

arguing that there is no genuine issue of material fact regarding any of Plaintiffs' claims. Def. Br. Supp.[11] at 25-27. For the reasons that follow, the Court grants Defendants' Motion for Summary Judgment.

### A. Plaintiff Felix Garcia's Claims

Mr. Garcia asserts Section 1983 Claims against Defendants Speziale and the County of Passaic. The claims against both defendants are essentially the same, and arise out of the alleged retaliation caused by Defendant Speziale's actions, individually and as the employee of the County of Passaic. See Compl. ¶¶ 27-35. The Court will address Mr. Garcia's Section 1983 claims against each defendant in turn.

#### 1. 1983 Claims Against Defendants Speziale

Count One of the Complaint raises violations of Plaintiff's freedom of speech, "political activities and affiliation," and equal protection, under the First and Fourteenth Amendments of the U.S. Constitution pursuant to 42 U.S.C. § 1983. Compl. ¶¶ 27-31. However, Mr. Garcia only argues that Defendant Speziale retaliated against him "for having reached a successful and favorable resolution of the 2004 Lawsuit." Pl. Br. Opp'n at 22-23. Mr. Garcia argues that Defendant Speziale retaliated against him by defaming his professional reputation, violating his right to privacy, denying his gun permit, and firing his wife. Id. at 23.

To succeed on a First Amendment retaliation claim, a plaintiff must show that "(1) the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action." Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006) (citing Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005)). It is well

---

[11] ECF No. 76-2.

6

settled that the filing of a lawsuit is considered a protected activity for the purposes of a First Amendment retaliation claim. Meenan v. Harrison, 264 F. App'x 146, 152 (3d Cir. 2008). To meet the second element of the claim, a plaintiff must show that defendant's action was "sufficient to deter a person of ordinary firmness from exercising" her rights. Revell v. City of Jersey City, 394 F. App'x 903, 906 (3d Cir. 2010). Accordingly, to establish the requisite causal connection under the second element, a plaintiff must prove either: (1) unusually suggestive temporal proximity between the protected activity and the alleged retaliation; (2) a pattern of antagonism coupled with timing that establishes a causal link; or (3) causation "from the evidence gleaned from the record as a whole." Revell, 394 F. App'x at 906 (citing Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)).

While Plaintiff has clearly established that he engaged in conduct protected by the First Amendment – i.e. filing the 2004 Lawsuit – the Court finds that there is no genuine issue of material fact regarding the second necessary element of a First Amendment retaliation claim. First, the Court agrees with Judge Cavanaugh's Opinion that Plaintiff's claim that he was disparaged and defamed by Defendant Speziale does not rise to the level of retaliation.[12] Opinion, Cavanaugh, J. at 5; See also, Brennan v. Norton, 350 F.3d 399, 422 (3d Cir. 2003) (finding that certain conduct is not sufficiently grave to support a Section 1983 retaliation claim) (citing Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000). Mr. Garcia also has not pointed to any specific evidence that supports a link between the alleged right to privacy violations and the 2004 Lawsuit. See Pl. Br. Opp'n at 16-19; see also Viola v. Borough of Throop, 387 F. App'x 219, 222 (3d Cir.

---

[12] Judge Cavanaugh ultimately denied summary judgment due to a factual dispute as to the timing of Mrs. Garcia's layoff. As explained below, the record presently before the court eliminates this dispute.

2010) (affirming summary judgment where district court found that plaintiff "presented no evidence by which a jury could conclude that his filing of a grievance was a 'substantial motivating factor'" for the alleged retaliatory conduct). Additionally, the Court finds that Mr. Garcia's allegations that his handgun application was denied in retaliation for settling the 2004 Lawsuit are insufficient to raise a genuine issue of material fact, because Mr. Garcia has failed to link the denial of his gun permit to the 2004 Lawsuit. Viola, 387 F. App'x at 222. According to Mr. Garcia, he received notice that his gun permit was denied in August 2008, (Mr. Garcia Decl.[13] ¶ 13), more than 4 years after the 2004 Lawsuit was filed and 14 months after it was dismissed by the Court pursuant to the settlement in June 2007. Ex. B-1 to DeDio Decl. Though there is no "hard and fast standard" for temporal proximity, the Third Circuit has found the inference cannot be drawn where 19 months elapse between the protected conduct and retaliation. Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003) (citing Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997)). Accordingly, the Court finds that Plaintiff has failed to point to any unusually suggestive timing that could support a retaliation claim based on the alleged defamation, right to privacy violations, or the denial of his gun permit. Id.

With regards to Plaintiff's allegations that his wife, Mrs. Garcia, was fired in retaliation for the 2004 Lawsuit, the Court similarly finds that there is no genuine issue of material fact regarding the "causation" element of the First Amendment retaliation claim. While Judge Cavanaugh previously denied summary judgment on this claim due to a factual dispute as to the timing of Mrs. Garcia's layoff (Opinion, Cavanaugh, J. at 5), the record presently before the Court clearly reveals the relevant timeline. The parties agreed to settle the 2004 Lawsuit in June 2007, when the Court

---

[13] ECF No. 83-3.

dismissed the case after receiving notice of settlement. Ex. B-1 to DeDio Decl. Mrs. Garcia received notice of her possible layoff on May 23, 2008, almost a year after the 2004 Lawsuit had settled.[14] Mrs. Garcia Decl.[15] ¶ 10. Moreover, the record reveals that Mrs. Garcia was not singled out. Mrs. Garcia's position was included in a layoff plan that involved fifty five (55) other employees, (Speziale Decl., Ex. 8.), and she appealed her layoff with five other civilian employees of the Passaic County Sheriff's Department that were also laid off in July 2008. Ex. G to DeDio Decl. Accordingly, the Court finds that there is no genuine issue of material fact regarding whether Mrs. Garcia was laid off in retaliation for the 2004 Lawsuit. See Viola v. Borough of Throop, 387 F. App'x 219, 222 (3d Cir. 2010). Therefore, the Court finds that Mr. Garcia has also failed to show that his wife was laid off in an attempt to retaliate against him for the 2004 Lawsuit.

Finally, the Court rejects Plaintiff's argument that despite any lack in temporal proximity, a jury could infer "retaliatory animus" in Defendant Speziale's denial of the gun permit and layoff of Mrs. Garcia. Pl. Br. Opp'n at 18-19. To establish causation under an "antagonism" theory, a plaintiff needs "to show 'actual antagonistic conduct or animus' in 'the intervening period' between the protected activity and the retaliation." Buck Foston's New Brunswick LLC v. Cahill, No. CIV.A. 11-03731 FLW, 2013 WL 5435289, at *15 (D.N.J. Sept. 27, 2013) (quoting Marra v. Philadelphia Hous. Auth., 497 F.3d 286, 302 (3d Cir. 2007). Here, Plaintiff has failed to point to any specific facts which evidence such "antagonistic conduct" or "animus" by Defendant Speziale.

---

[14] Plaintiff also argues that Mrs. Garcia was laid off because of newspaper articles published on May 20, 2008 that discussed the 2004 Lawsuit. However, the record shows that Mrs. Garcia's position was included in the layoff plan submitted to the Department of Personnel six days before the articles were published, on May 14, 2008. Accordingly, the Court finds there is no genuine issue of material fact regarding whether Mrs. Garcia's position was added to the layoff plan because of the newspaper articles.

[15] ECF No. 83-2.

9

For the foregoing reasons, the Court finds that Plaintiff Felix Garcia has failed to raise a genuine issue of material fact regarding his First Amendment retaliation claim against Defendant Speziale. Plaintiff has failed to point to specific allegations raising a genuine issue of material fact. Accordingly, the Court grants Summary Judgment for Defendants on Count One of the Complaint. See Celotex, 477 U.S. at 324.

### 2. 1983 Claims Against the County of Passaic

Count Two of the Complaint asserts violations of Plaintiff Felix Garcia's First and Fourteenth Amendment rights by the Defendant the County of Passaic. Compl. ¶¶ 32-35. Count Two seeks to impose liability on the County of Passaic for Defendant Speziale's conduct. Id. Plaintiff has not made any allegations that anyone other than Defendant Speziale committed constitutional violations. See Compl. The Court has already determined that summary judgment should be granted against Mr. Garcia's Section 1983 claim against Defendant Speziale (Count One). Supra, Part V.A.1. Accordingly, in the absence of any separate allegations against the County of Passaic, the Court finds that there is no genuine issue of material fact regarding Plaintiff's Section 1983 claim against this defendant (Count Two), and summary judgment is also granted on this claim.

### B. Plaintiffs' State Constitutional Claims

Count Three of the Complaint raises claims by both Plaintiffs for violations of the New Jersey State Constitution, art. 1 §§ 6, 18. Compl. ¶¶ 36-39. Those Constitutional provisions involve freedom of speech and the right to assemble and petition the government. N.J. Const. art. I §§ 6, 18. Plaintiffs argue that the New Jersey Constitution provides broader provisions than the Federal Constitution, and contend their retaliation claim should therefore survive summary judgment. Id. at 20-22. Defendant argues that the New Jersey Supreme Court has interpreted free

10

speech matters consistently with Federal First Amendment standards, and therefore Plaintiffs' State claims should be dismissed. Def. Br. Supp. at 14. The Court notes that Plaintiffs' State Constitutional claim is essentially the same as their Section 1983 claim – they allege that Defendants retaliated against them for filing and settling the 2004 Lawsuit. Pl. Br. Opp'n at 22-24.

The New Jersey State Constitution affords greater protections to persons' free speech rights than the Federal Constitution. Dendrite Int'l, Inc. v. Doe No. 3, 342 N.J. Super. 134, 149, 775 A.2d 756, 765 (App. Div. 2001). For example, while the Federal Constitution generally affords limited rights of free speech in privately owned property, New Jersey's Constitution has been interpreted much more broadly. See Comm. For A Better Twin Rivers v. Twin Rivers Homeowners' Ass'n, 192 N.J. 344, 357, 929 A.2d 1060, 1067 (2007) (outlining the broader scope of New Jersey's free speech guarantees). However, it is clear that in the context of retaliation, New Jersey courts rely on federal constitutional principles in interpreting the State Free Speech clause. Mineer v. Sheriff James McGettigan, No. A-6560-05T3, 2008 WL 2744376, at *5 (N.J. Super. Ct. App. Div. July 16, 2008) (citing Karins v. City of Atl. City, 152 N.J. 532, 547, 706 A.2d 706, 713 (1998)). Thus, the Court finds that the same standards applied to Mr. Garcia's Section 1983 First Amendment claim also apply to Plaintiffs' retaliation claim under the New Jersey Constitution. Id.

As noted in Part V.A.1, supra, Plaintiff have failed to raise a genuine issue of material fact regarding their Federal retaliation claim. Plaintiffs base their State Constitutional claim in Count Three of the Complaint upon the same facts as their Federal claim. Accordingly, because Court has already determined that the allegations do not support the Federal claim, summary judgment is also granted on Plaintiffs' State Constitutional retaliation claim (Count Three).

### C. Plaintiff Luz Garcia's Claim Under the NJLAD

Count Five of the Complaint raises Mrs. Garcia's claim for violations of the NJLAD. Compl. ¶¶ 43-47. Specifically, Plaintiff argues that Mrs. Garcia has sufficiently proven discriminatory retaliation under the NJLAD. Pl. Br. Opp'n at 24-26. To state a claim for discriminatory retaliation, a plaintiff must show (i) that she engaged in a protected activity known to the employer, (ii) that the employer retaliated against her, and (iii) that engaging in the protected activity was a cause of the retaliation. Jamison v. Rockaway Twp. Bd. of Educ., 242 N.J. Super. 436, 447 (App. Div. 1990). Thus, like the First Amendment retaliation claim discussed above, a NJLAD retaliation claim also requires showing a causal connection between the protected activity and the alleged retaliatory action. Id.

As noted in Part V.A.1, supra, the Court finds that there is no genuine issue of material fact regarding the causal connection between Mrs. Garcia's layoff and the 2004 Lawsuit. Additionally, Plaintiffs do not raise any new arguments or point to any specific facts that support their allegation that Mrs. Garcia was laid off due to the 2004 Lawsuit. Pl. Br. Opp'n. at 24-28. In the absence of "specific facts showing that there is a genuine issue for trial," the Court finds that summary judgment is also appropriate on Mrs. Garcia's NJLAD claim. Celotex, 477 U.S. at 323. Accordingly, summary judgment is granted for Defendants on Count V of the Complaint.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that there is no genuine issue as to any material fact regarding Plaintiffs' claims against Defendants. Accordingly, the Court grants Defendant's Motion for summary judgment, and judgment is entered in favor of Defendants. An appropriate Order accompanies this Opinion.

DATED: March 23, 2015

**CLAIRE C. CECCHI, U.S.D.J.**